ALBANY,
Feb. 1824.

Whitney
v.
Warner

*J. I. Drake*, for the petitioners—.

---

Whitney *against* Warner and Crissey.

On certiorari to a Justice's Court. The affidavit on which the certiorari was allowed, was entitled and began thus:

An affidavit
for a *certiorari*
to a justice's
court may be
entitled in the

cause in the court below, but not in the cause in this court.

" Justice's Court.

George Whitney      ⎫  Before James Squires, Esquire, one of
  ads.         ⎪  the Justices of the Peace of the coun-
William Warner &amp;  ⎬  ty of Broome, 8th December, 1823.
Peter Crissey.      ⎭

Broome County, ss. George Whitney, the above named defendant being duly sworn, maketh oath and saith, that on the 27th day of November last past, a suit was commenced by the above named plaintiff against the above named defendant," &c. [going on and giving a history of the cause between the plaintiffs and defendant in the said Justice's Court.]

The affidavit purported to have been sworn before George Park, commissioner, &c.

*J. A. Collier,* for the defendant, moved to set aside the writ of certiorari for irregularity ; and he made two objections. 1. That the affidavit was entitled. 2. That it was taken before a commissioner. In support of the first point, he cited *Haight* v. *Turner,* (2 John. Rep. 371.) As to the second, he said commissioners have no authority to administer an oath in a Justice's Court, or in a cause entitled in that Court. Their authority extends only to taking affidavits to be read in courts of record.

*S. Sherwood,* contra, said that if the case of *Haight* v. *Turner* had any application, it went to show merely that the affidavit could not be entitled in this Court. As to the second objection, though entitled in the Court below, it was still an affidavit to be used in a court of record, and might be taken before a commissioner.

*Curia.* Where there is no suit pending, but the affidavit is to be used as the foundation of a suit, it should not be entitled in any cause. This is the case of affidavits to ground a motion for a mandamus, an information, or, (in England,) to hold the defendant to bail. But we see no objection to entitling the affidavit in the suit in the Court below. The statute, (1 R. L. 396, s. 17,) requires the party applying for

a *certiorari* to make affidavit satisfying the Judge or commissioner who allows it, that there is reasonable cause for granting it, for error in the judgment below, which shall be specified in such affidavit. This is properly a proceeding in the Court below. If entitled in the Supreme Court, it would have been irregular, according to the case of *Haight* v. *Turner*, cited on the part of the defendant.

As to the second objection, it is enough that the statute expressly declares that the affidavit may be taken before any person authorized to take affidavits to be read in the Supreme Court.